[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a case instituted by the plaintiff All Reach (All Reach) in two counts. The First Count claims money damages for amounts due from the corporate defendant (Shelters) for the rental of equipment and services related to work performed at Electric Boat Corporation. All Reach alleges that Shelters maintained an open account reflected by ten invoices covering a period from September 1, 2000 through October 16, 2000. (See paragraph 2, First Count). The Second Count alleges that the defendants individually violated § 42-110a et. seq. of Connecticut General Statutes (CUTPA) in that Rhonda Fudge (Rhonda), Secretary of Shelters, issued a check on June 20, 2000 in the sum of $9,010 returned to All Reach for insufficient Funds; (see paragraph 6, Second Count); and Vaughn Fudge (Vaughn), President and CEO of defendant Shelters issued a check on October 11, 2000 returned for insufficient funds. (See paragraph 7, Second Count).
All Reach further alleges that Vaughn falsified a certificate to Electric Boat to get payment that all subcontractors were paid attested to by Rhonda on October 30, 2000 (Exhibit H).
All Reach claims that the acts of the Fudge defendants were a CUTPA violation. (Connecticut Unfair Trade Practice Act § 42-110b et.seq.)
The plaintiffs have been unable to provide the court with any cases involving the issuance of bad checks as CUTPA violations. The plaintiff, however, argues because this case involves the issuance of two bad checks totaling $12,000; and the falsification of a document by the defendants for payment by Electric Boat that this court should construe CUTPA liberally to effectuate its public policy purpose. (See Hinchliffe v.American Motors Corporation, 184 Conn. 607, 618.
The defendant in this case argues that the false statement to Electric Boat is not a CUTPA violation because this plaintiff was not deceived nor did the party for whom the statement was given suffer an ascertainable CT Page 9601 loss. (See Colandro v. Allstate Insurance Co., 63 Conn. App. 602. This court finds that the statement given to Electric Boat was for the protection of Electric Boat and one that Electric Boat could rely upon for an action against the defendants. The certificate was not given for the protection of the plaintiff in this action. Accordingly, this court will not enforce a CUTPA violation for the benefit of a third party. A CUTPA violation involves an action for its violation as to a contractual obligation of a contracting party to the agreement. Essentially the plaintiff has no standing to rely on the asserted falsified certificate.
This court will not invoke the provisions of CUTPA in this case. This court cannot find that the defendants necessarily acted immorally, unethically or unscrupulously.
As to the First Count the court finds that the defendants owe the sum of $8,963.70 based upon the invoices of $42,872.60 for the rental equipment and the payments of $33,907.90.
Accordingly, judgment is entered in favor of the plaintiffs on the First Count of the complaint in the amount of $8,963.70. Judgment may enter in favor of the defendants as to the Second Count of the complaint.
The court retains jurisdiction for the determination of interest and attorneys fees.
Frank S. Meadow, J.T.R.